Davis *v.* Cleghorn et al.

AMOS DAVIS, Appellant, *v.* JOHN W. CLEGHORN *et al.,* Appellees.

### APPEAL FROM HANCOCK.

Proof of the assignment of a promissory note, or of the signature of the assignor, is not necessary, unless the fact of the assignment be put in issue by plea verified by affidavit; and an affidavit that alleges merely that the signature to the assignment is not in the handwriting of the payee, is insufficient.

A man may bind himself to an agreement, to which his own name is affixed, by procuration or adoption, as well as by his own hand.

THIS was an action on a note of hand, made by Amos Davis, payable to one I. Davis, or bearer, for $480, with interest at ten per cent., dated 16th May, 1857, payable 1st January, 1858, and avers that "*said I. Davis* then and there indorsed the same to the said plaintiffs."

Amos Davis filed the following plea in said cause:

And, for a further plea in this behalf, the said defendant says *actio non,* because he says that the said promissory note sued on in this cause was not indorsed by the said payee thereof, as by the plaintiffs' said declaration is above supposed; and this he is ready to verify, wherefore he prays judgment, etc.

And afterwards, the following affidavit was filed with and attached to said plea:

STATE OF ILLINOIS, } *ss.*
  HANCOCK COUNTY. }

G. Edmunds, Jr., attorney for the defendant, being duly sworn, says that the signature, '*I. Davis*,' to the indorsement on the back of said note sued on in this cause, is not in the handwriting of said I. Davis.            G. EDMUNDS, JR.

  Sworn and subscribed before me, this }
    10th day of March, 1860.        }
              S. R. DAVIS, Clerk. }

Afterwards, the said cause coming on for trial, a jury was waived.

The following note and indorsement was offered in evidence by the plaintiffs below:

$480.                                         *Montrose, May 16th,* 1857.

On or before the 1st of January next, I promise to pay I. DAVIS, or bearer, four hundred and eighty dollars and —— cents, with ten per centum interest, value received—payable at Montrose, without defalcation or discount.

AMOS DAVIS.

Which said note was indorsed as follows:

I assign the within note to Cléghorn & Harrison for value received, this first day of September, 1857.                                         I. DAVIS, by C. P.

Which was all the evidence offered; and the defendant below, at the time objected. The court overruled the objection, and admitted the note and indorsement; to which ruling of the court the defendant below at the time excepted, and filed his bill of exceptions.

The court found the issues for the plaintiffs below, and rendered judgment in their favor and against the defendant below, for $615, who now brings the case to this court by appeal.

The following are the errors assigned:

The court erred in admitting the note and indorsement offered by the plaintiffs below, in evidence, and overruling the objection of the defendant below, thereto.

The court erred in finding the issues for the plaintiffs below, and rendering judgment in their favor against the defendant below.

The court erred in admitting the note and indorsement in evidence, because it varied from the note and indorsement described in the declaration.

FERRIS, HOOKER & EDMUNDS, for Appellant.

SCOFIELD, FERRIS & MANIER, for Appellees.

WALKER, J. This was an action of assumpsit, instituted on a promissory note. The declaration contained a special count only, to which the defendant filed a plea, by which the assignment of the note was denied, and to which this affidavit was annexed: " G. Edmunds, Jr., attorney for the defendant, being duly sworn, says that the signature 'I. Davis' to the indorsement on the back of said note sued on in this cause, is not in the handwriting of said I. Davis." On the trial of the cause, the plaintiff read in evidence, the note and indorsement, to which the defendant excepted. This then presents the question, whether this plea verified by the affidavit, was sufficient under the practice act, to

put the plaintiff upon the proof of the assignment. The 59th section of that act has dispensed with proof of the assignment, of the signature of any assignor, unless the fact of assignment be put in issue by plea, verified by affidavit of the defendant or some credible person, stating that he verily believes the facts stated in the plea to be true.

This plea in terms denies that the note sued upon, was indorsed by the payee of the note, and if the affidavit verified that fact, there can be no doubt of its sufficiency to have put the plaintiff upon proof of the assignment. But it fails to do so, and only alleges that the signature to the assignment is not in the handwriting of the payee. This may all be strictly true, and yet the assignment be valid. We all know that a man may bind himself to an agreement to which his name is affixed, either by procuration or adoption, as well as by his own hand. This affidavit is not as broad as the plea, as it neither verifies the truth of the plea, nor avers that the assignment is not that of the payee. If he procured another person to sign his name, or if already signed he adopted it as his own, the indorsement would be binding, and yet this may all have been true, and is not denied by the affidavit. There was therefore no error in admitting the note and assignment in evidence, and the judgment of the court below must be affirmed.

*Judgment affirmed.*