## ATLAS ASSURANCE COMPANY *v.* KETTLES; *et vice versa.*

1. The assignments of error based on the judgment overruling the general demurrer were expressly abandoned. The grounds of special demurrer were sufficiently met by amendment.

2. If a local agent of a fire-insurance company, who is authorized by his principal to procure insurance, write and countersign policies, collect premiums, and deliver the policies to the insured, directs his clerk during his temporary absence to issue policies and sign the name of the agent thereto and collect premiums, and the clerk, in pursuance of such direction, writes an insurance policy and signs the name of the agent thereto, accepts a portion of the premium and retains the policy, and on return of the agent reports the matter to him, and the latter verbally sanctions all that has been done, and shortly thereafter, before any loss has occurred, accepts from the insured the balance of the premium and personally delivers the policy to him, the writing of the policy and signing of the name of the agent thereto under these circumstances will be deemed the act of the agent and binding upon the company.

3. If a policy of insurance of the character mentioned in the preceding note contained the provisions: (*a*) "This entire policy of insurance shall be void if . . the interest of the insured be not truly stated herein." (*b*) "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple;" and the insured was not the owner of the property in fee simple, but merely held possession and a bond for title from a person from whom he had purchased the land, and an agent with the powers mentioned in the preceding note, or his clerk employed as therein indicated, knew the status of the title at the time of the issuance and delivery of the policy, such knowledge will be constructive notice to the company and will estop the company from denying the validity of the policy on account of the status of the title.

(*a*) On the question of estoppel, there was no error in admitting evidence tending to show that the agent had notice of the status of the title at the time the policy was issued.

4. A written statement by the agent (since deceased), made after the loss, to the effect that at the time the policy was issued he knew that the insured held only a bond for title to the property insured was inadmissible.

5. Whether or not there was a waiver of proofs of loss as required by the policy was, under the evidence, a question for the jury. *Harp* v. *Fireman's Fund Ins. Co.*, 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299). The policy having been signed by the clerk under circumstances set forth in the second division of the opinion, infra, and the action having been predicated on the theory that the agent sanctioned the signing of his name by the clerk and personally delivered the policy, proof of such delivery was necessary to show lawful issuance of the policy. No witness testified unequivocally that the agent delivered the policy, and that

question was for decision by the jury. It was erroneous, under the evidence, to direct the verdict for the plaintiff.

6. The mere fact that the obligor in the bond for title held the legal title to the property insured did not give him any interest in the policy of insurance, and did not render him incompetent to testify that he informed the agent of the company (since deceased) that the insured held only a bond for title.

7. The evidence did not authorize a finding in favor of the plaintiff for special damages and counsel fees under the Civil Code, § 2549, and the judgment was not erroneous in so far as it directed the jury to find against such claims of the plaintiff.

NOVEMBER 13, 1915.

Action upon insurance policy. Before Judge Fite. Whitfield superior court. December 10, 1914.

*Smith, Hammond & Smith* and *W. E. Mann,* for Atlas Assurance Company.

*W. C. Martin* and *M. C. Tarver,* contra.

ATKINSON, J. 1. Elaboration of the ruling announced in the first headnote is unnecessary.

2. This was an action against an insurance company for loss covered by a fire-insurance policy. By way of defense the company urged that the policy was void, because the person who signed it as agent for the insurance company was not an agent of the company and the policy was not binding as a contract. The policy purported to be signed by the company's agent who was authorized to sign it. Evidence was offered to show that in fact the insurance was procured and the policy written and the agent's name signed thereto by a clerk in the office of the agent, whom the latter had directed to solicit insurance, collect premiums, and deliver policies during his temporary absence. This evidence was admitted over objection. It was urged that the power of the agent to sign policies of insurance was non-delegable, and that the effect of the evidence was to show action by the clerk under an ineffectual attempt by the agent to delegate authority to sign his name, and that the signing of the agent's name by his clerk was not binding upon the company. We will not decide whether, if nothing more appeared, the signing of the agent's name to the policy by his clerk would have been unauthorized. On this subject see 1 Biddle on Insurance, § 121; Kerr on Insurance § 113; Rohrbough *v.* United States Express Company, 50 W. Va. 148 (40 S. E. 398, 88 Am. St. R. 849) ; *Springfield Fire Ins. Co. v.*

*Price,* 132 *Ga.* 687 (2), 690 (64 S. E. 1074). But we will deal with the case actually before us. In connection with the evidence objected to there was other evidence tending to show that on return of the agent he was informed by the clerk that the policy had been written and his name signed thereto, and part of the premium collected, all of which the agent sactioned; and that a few days thereafter, and before the fire, he collected the balance of the premium and delivered the policy to the agent of the insured. The admissibility of the evidence objected to must be decided in the light of this additional evidence. The question will be decided from the standpoint of the law in this State, which requires policies of insurance to be in writing and signed by the company or by some one duly authorized. Civil Code (1910), § 2470; *Delaware Ins. Co.* v. *Penn. Fire Ins. Co.,* 126 *Ga.* 380 (4), 386 (55 S. E. 330, 7 Ann. Cas. 1134). It is the rule that if a person directs another to sign his name to a contract, and the other signs it in the presence of the person giving the direction, and after it is signed it is delivered by the person whose name is signed thereto, the signing will be deemed the original act of the person giving the direction, rather than action by an agent under the exercise of a delegated authority. A leading case on this subject is *Reinhart* v. *Miller,* 22 *Ga.* 402 (68 Am. D. 506). The principle has been applied a number of times since that case was decided. *Hawes* v. *Glover,* 126 *Ga.* 305 (55 S. E. 62); *Merchants & Farmers Bank* v. *Johnston,* 130 *Ga.* 661 (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546); *Hansen* v. *Owens,* 132 *Ga.* 648 (6), 653 (64 S. E. 800), and citations. If the person giving the direction does not stand by and see his name signed, but, after it is signed under his direction, sanctions the signing and personally delivers the paper to the other party to the contract as signed by himself, such utterance of the paper should, upon the principle of the authorities above cited, render the signing of the name in legal effect the original act of the person directing his name to be signed. Under the circumstances enumerated above, the action of the clerk would be merely auxiliary, while that of his employer would be culmination of the contract. The case differs entirely from complete execution of a contract, required to be in writing, by an agent acting under parol authority, where, after the paper is finally delivered by the agent, the reputed principal attempts by parol to

ratify the action of the agent. Such was the case of *Pollard* v. *Gibbs,* 55 *Ga.* 45, and cases therein cited. Different principles apply to the two classes of cases, and they must not be confused. The case of *Reinhart* v. *Miller,* supra, was one wherein the person who actually signed the name did so immediately after he was directed by the other person to sign it, and after going out of the immediate presence of the person giving the direction; and it was held that the execution needed no ratification in order to make it binding upon the person directing it to be signed. In Speckles *v.* Sax, 1 E. D. Smith (N. Y. Com. Pleas), 253, the question was whether a lease was executed by a woman. It appeared that the lease was shown and read to the woman, and she, knowing its contents, took a pencil to sign it, but found that her name had been subscribed by her brother, who had himself signed as security; and she thereupon delivered the agreement, stating that she supposed he had written her name, and that it was all right. In the course of the opinion it was said: "This, then, was an adoption by the plaintiff of the signature voluntarily, with full knowledge of the contents of the paper, and that her brother had seen and endorsed it. There was no fraud or imposition, and the delivery was made with the agreement thus signed as her act. It must have the same effect as if she had executed her first intention, by writing her name herself." In Davis *v.* Cleghorn, 25 Ill. 212, it was held: "A man may bind himself to an agreement to which his own name is affixed, by procuration or adoption, as well as by his own hand;" and in a suit against an alleged indorser on a promissory note, a plea of non est factum was dismissed where the affidavit alleged merely "that the signature to the assignment is not in the handwriting of the payee." In Bartlett *v.* Drake, 100 Mass. 174 (97 Am. D. 92, 1 Am. R. 101), it was held that a person who appears before a magistrate and duly acknowledges execution of a deed to which his name "was subscribed by another, in his absence, thereby recognizes and adopts the signature as his own." This case was cited with approval in *Hansen* v. *Owens,* supra, where it was said: "A signature actually made by a grantor himself is good. If shown to have been made by another in his presence and at his request, it will bind him, especially when he delivers the deed as his own. Although a signature may not be made in either of these modes, but the grantor's name may have

been signed by another not in his presence, he may adopt such signature as his own, and may acknowledge it as his signature before a proper officer; or he may estop himself from denying it by allowing others to act on it." In view of the authorities, delivery of the policy by the agent and recognition by him of the signing of his name by his clerk under his direction would, in effect, be signing the policy by the agent and show no attempt to delegate the authority conferred upon him by the company to sign policies. There was no error in admitting any of the evidence offered to show the part in the transaction taken by the clerk and the instructions from his employer under which he acted, or in admitting the policy when offered in evidence.

3. The subject of insurance was a dwelling-house located on a lot to which the plaintiff had only a bond for title. The policy of insurance did not indicate the condition of the title, but contained the provisions: (*a*) "This entire policy of insurance shall be void if . . the interest of the insured be not truly stated herein." (*b*) "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." It was urged by the company that the policy was void on account of violation of its provisions quoted above. The plaintiff undertook to show an estoppel against the company, and for that purpose offered evidence tending to show that after receiving his commission of appointment from the company, and a short time before the policy was signed, the agent, who was carrying on a real-estate business, negotiated the sale by which the insured acquired the property, and that the contract was closed by the insured giving promissory notes for the purchase-price payable at intervals, the last to fall due two years after its date, for which he received the bond for title mentioned above. The defendant objected to the testimony as to the agent having conducted the negotiations, and also to the introduction of the notes, on the ground that information acquired by the agent at the time and under the circumstances indicated above would not be notice to the company, and that the evidence was irrelevant. There was no error in admitting the evidence. The notes, considered in connection with the bond for title, showed

the transaction, and tended to show knowledge of the agent of the status of the title at the time the policy was issued. If the agent had knowledge, at the time the policy was issued, that the insured had only a bond for title, his knowledge would be constructive notice to the company, and the company will be estopped from denying validity of the policy on account of the violation of the conditions of the policy quoted above. *Springfield Fire Ins. Co.* v. *Price,* supra; *Atlanta Home Ins. Co.* v. *Smith,* 136 *Ga.* 592 (71 S. E. 902). It does not affect the case that the agent's information may have been acquired while engaged in his individual pursuits disconnected from the business of the company. Under the rulings made in the cases above cited, knowledge of the clerk, at the time the policy was signed and delivered, that the plaintiff held only a bond for title would also estop the company from denying the validity of the policy.

4-7. The rulings announced in headnotes 4 to 7, inclusive, do not require elaboration.

*Judgment reversed on both bills of exceptions. All the Justices concur, except Beck, J., absent.*