14708. SIMON *v.* MECHANICS INSURANCE COMPANY OF PHILADELPHIA.

1. Where the purchaser of an automobile under a contract retaining title in the seller until full payment of the purchase price brought suit on a policy insuring the automobile against fire after the seller had transferred his contract to a bank as collateral security, and after a rider had been attached to the policy, making the insurance payable to the

bank as its interest might appear, the petition was not subject to general demurrer upon the ground that the suit was not brought in the name of the party holding the legal title to the policy.

2. Where in such a case the agent authorized to issue and deliver the policy in behalf of the insurance company issues and delivers it with knowledge that the automobile is not fully paid for and was purchased under a contract retaining title in the seller until full payment of the purchase price, knowledge of the agent is knowledge of the company, and delivery of the policy with such knowledge amounts to a waiver of a "warranty" in the policy that the automobile is fully paid for, and of the stipulation therein that the company shall not be liable if the interest of the assured in the property be other than unconditional ownership.

3. The transfer of the retention-of-title contract to the bank as collateral security was not violative of the stipulations of the policy, and did not make the petition subject to a general demurrer.

4. The failure of the assured to give written notice "forthwith" of the loss of the car did not vitiate the policy.

DECIDED NOVEMBER 14, 1923. REHEARING DENIED JANUARY 16, 1924.

Action on insurance policy; from city court of Savannah—Judge Freeman. May 24, 1923.

Application for certiorari was denied by the Supreme Court.

*Oliver & Oliver,* for plaintiff.

*Adams & Adams,* for defendant.

LUKE, J. Mrs. Ray Simon sued the Mechanics Insurance Company of Philadelphia on an insurance policy taken out on her automobile. The case came to this court on exceptions to the sustaining of four grounds of the defendant's special demurrer, and of its general demurrer to the petition. From the petition and the exhibits attached thereto it appears: that on March 17, 1921, plaintiff's husband purchased an automobile from Chapman Motor Company, under a contract reserving title thereto in the seller until payment of the balance of the purchase price, and on the same day presented it to his wife, the plaintiff; that on March 18, 1921, the defendant issued to the petitioner a policy insuring the automobile against destruction by fire; that on April 6, 1921, the agent of the insurance company attached to the policy a rider making the insurance payable to the Commercial Bank as its interest might appear, the bank "holding the reserve-title notes under which the automobile was sold;" that on April 9, 1921, the motor company, "for value received and simultaneously with the purchase of notes referred to therein," assigned and transferred to the Commercial Bank the retention-title contract, with all right, title, and interest

of the motor company thereunder and to the property described therein; that on November 25, 1921, the automobile was totally destroyed by fire; that immediately after the loss of said car, petitioner gave to the insurance agent of defendant full information as to the destruction of the car, and asked him what she should do relative to the insurance, and that he told her to do nothing, as the adjuster would see her about the matter in a few days and pay her the proper amount thereon; that when the adjuster failed to appear she again saw the agent, and was again told by him to wait for the adjuster, but that when it appeared that the adjuster was not coming she filed her sworn proof of loss, on January 24, 1922; that on January 27, 1922, the company refused payment of the policy; that the defendant acted in bad faith and was liable to her for expenses of litigation, as well as for $3,500, the amount of her loss, with 25 per cent. thereon as damages.

1. Defendant's first contention is that after the endorsement of April 6, 1921, providing that "Loss, if any, under this policy, having been made payable to the insured, is hereby cancelled, and loss, if any, is herewith made payable to the Commercial Bank as their interest may appear," the plaintiff could not sue, because there was no written assignment from the bank back to her, the well-recognized rule that an assignment of an insurance policy must be in writing, as stated in *St. Paul Ins. Co.* v. *Brunswick Grocery Co.*, 113 *Ga.* 786 (3) (39 S. E. 483), being invoked to sustain this position. This contention is not sound. "Where one holding the beneficial interest in his own name brings an action, and the introduction of the person holding the legal title is necessary to the enforcement of the right of the person having the equitable interest, the declaration, under . . the code [Civil Code of 1910, § 5689], may be amended by the insertion of the name of such person as suing for the use of one holding the beneficial interest." *Wheeler* v. *Stapleton*, 99 *Ga.* 731 (27 S. E. 724). The alleged defect, being amendable, could not be reached by a general demurrer, and was not cause for·dismissing the petition. *Liverpool & London & Globe Ins. Co.* v. *Ellington*, 94 *Ga.* 785 (1) (21 S. E. 1006).

2. Defendant further contends that the general demurrer was properly sustained because of the "warranty" in the policy that the automobile was fully paid for, and of the further provision therein that the company should not be liable if the plaintiff's

interest in the automobile was not that of absolute ownership. Plaintiff's amendment alleging that, prior to and at the time the policy was issued and delivered, the company, through the agent soliciting, taking, and transmitting to the company the application for insurance, and who obtained the policy from the company and delivered it, and received payment therefor, knew the automobile was not fully paid for and had been purchased under a contract retaining title in the vendor, brings this case within the rule stated in *Mechanics & Traders Ins. Co.* v. *Mutual Real Estate & Bldg. Asso.,* 98 *Ga.* 262 (1) (25 S. E. 457), that "it is well settled that when an agent, who is authorized to issue and deliver policies in behalf of an insurance company, issues and delivers a policy with knowledge of the true state of the title, the knowledge of the agent is the knowledge of the company, and delivery of the policy with such knowledge amounts to a waiver of conditions relating to the existence of the title." See also: *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306 (3) (87 S. E. 1) ; *Springfield Fire Ins. Co.* v. *Price,* 132 *Ga.* 687 (2) (64 S. E. 1074) ; *Atlanta Home Ins. Co.* v. *Smith,* 136 *Ga.* 592 (71 S. E. 902).

3.    Defendant contends further that the transfer by the vendor of its retention-of-title contract to the bank without the written consent of the defendant vitiated the policy.  The policy provides that the company shall not be liable "in case of transfer or termination of any interest of the assured, other than by death of the assured, or any change in the insurable interest of the assured in the policy described herein, either by sale or otherwise," or "if the subject of this insurance be or become encumbered by any lien or mortgage except as stated in Warranty No. 3, or otherwise endorsed hereon."  The policy states that "This policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or endorsed hereon, together with such other provisions, exclusions, conditions, or warranties as may be endorsed hereon or added hereto, and upon the acceptance of this policy the insured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance herein described, and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto."  It may be noted in this connection that the com-

pany had full knowledge of the retention-of-title contract through its agent when the policy was issued and delivered, and further that the assignment of that contract to the bank was made by the seller, and not by the plaintiff, and that, three days before the assignment was made, the rider making the insurance payable to the bank as its interest might appear was duly attached to the policy by the company's agent. But aside from these considerations, we do not think it can be said that the transfer of the retention-of-title contract of the seller to the bank violated either the letter or the spirit of the inhibitions in the policy; nor was the risk of the company affected thereby. The provisions of the policy sued on in the case of *Hartford Fire Ins. Co.* v. *Liddell Co.*, 130 *Ga.* 8 (60 S. E. 104, 124 Am. St. Rep. 157), are very similar to the stipulations of the policy now under consideration, and the facts of the two cases are somewhat parallel, except that in the former the loss was payable to the vendor as his interest might appear, and it was the vendee himself, and not the seller and holder of the retention-of-title contract, who changed the status of the insured machinery by giving a mortgage thereon in violation of the terms of the policy. In that case the Liddell Company sold the machinery and retained title thereto. The court said (p. 13): "The inhibition against encumbrancing had no reference to, the Liddell Company transferring its reserved-title note. If Liddell Company had relinquished their interest in the property, or its debt had been paid before loss, Collins [the vendee] could have collected the insurance."

4. Defendant says also that the provision in the policy that "In the event of loss or damage, the assured shall forthwith give notice thereof in writing to this company" was violated, for the reason that no such notice was ":forthwith" given. It is not denied that proof of loss was duly made to the company within sixty days from the destruction of the automobile. Referring to such proof of loss, the policy provides that "It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within sixty days after the date of the loss . . shall render such claim null and void." No such specific and mandatory provision is made as to "forthwith" giving notice of the loss to the company, and we do not think the reading of the entire policy warrants the conclusion that the dereliction of the

plaintiff in this regard works a forfeiture of her rights under the policy. Our conclusion is that the general demurrer to the petition was improperly sustained.

5. We shall consider briefly the special demurrers. We are of the opinion that the special demurrer to that portion of paragraph 3 of the petition which alleges that although the policy states that the automobile was fully paid for, that was incorrect, and information was given to the defendant's agent that the car was not fully paid for, upon the ground that such allegation sought to vary by parol the terms of the policy, was met by plaintiff's amendment, alleging that the company, through the agent who took her application and procured and delivered the policy and received payment therefor, knew that the car was not fully paid for and that the retention-of-title contract was outstanding. This demurrer should not have been sustained.

We think that the defendant's special demurrer to that portion of paragraph 6 of the petition which alleges that after the automobile was destroyed, the petitioner gave full information to defendant's agent and asked him what she should do relative to her insurance, and that he told her to do nothing, but to wait for the adjuster, was good, upon the ground that the defendant was not bound by this conversation, and that such allegations were immaterial. Ground 5 of the demurrer was to the same effect, and was properly sustained. In view of the full statement as to the destruction of the automobile, given in the plaintiff's proof of loss, which was attached to the petition, the defendant's demurrer upon the ground that the details and circumstances of the burning of the car were not given was without merit and should have been overruled.

The ruling here made does not conflict with that made in the case of *Conyers* v. *Yorkshire Ins. Co., 30 Ga. App.* 6 (117 S. E. 102). It was there held that notice to a person, *alleged to have been associated in some way with the local agent of the insurance company,* that the insured was not the unconditional owner of the automobile insured, was not notice to the insurance company. Whereas, in the instant case, *the defendant's agent who took the application and procured and delivered the policy and received payment therefor knew, when the policy was issued and delivered,*

*that the insured was not the unconditional owner of the automobile insured.*

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*