### 15062. WISE *v.* ROYAL INSURANCE COMPANY.

STEPHENS, J. 1. Where a fire-insurance policy covers certain personalty "only while contained in" a described building, a suit on the policy cannot be maintained by the insured against the insurer for a fire loss of the property when situated in another building to which it had been moved by the insured without the consent of the insurer as evidenced by the terms of the policy or an indorsement thereon.

2. In a suit against a fire-insurance company, where the petition alleged that the insured stated to the agent of the insurer before the policy was issued that the insured property would, after thirty days, be removed to other premises in violation of the terms of the policy, and where the

agent insisted that the "change of location would not make any difference, . . and that [the insured] would be protected . . both in her present location and in her home about four miles [away]," and where the petition further alleged that the property insured was destroyed by fire upon premises other than those described in the policy, the petition failed to set out a cause of action on the policy. Insurance Co. v. Mowry, 96 U. S. 544 (24 L. ed. 674); 26 Corpus Juris, 320; Athens Mut. Ins. Co. v. Evans, 132 Ga. 703 (64 S. E. 993); Morris v. Imperial Ins. Co., 106 Ga. 461 (32 S. E. 595).

3. The city court of Athens, not being a court of equity, has no jurisdiction to reform the contract of insurance so as to make it speak in accordance with the alleged agreement and understanding set out above.

4. The trial court therefore did not err in sustaining the general demurrer to the plaintiff's petition as amended.

5. Since the record in this case discloses that the petition, prior to its amendment, set out a cause of action in favor of the insured upon the authority of the decision of the Supreme Court in Corporation of the Royal Exchange Assurance of London v. Franklin, 158 Ga. 644 (124 S. E. 172), rendered since this litigation arose, permission is hereby given that the plaintiff be allowed, at or before the time the judgment of this court is made the judgment of the court below, to amend the present petition by substituting therefor allegations which will bring the case within the authority of the case cited.

Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 30, 1924.

Action on insurance policy; from city court of Athens—Judge Bradwell. August 29, 1923.

Application for certiorari was made to the Supreme Court.

James W. Arnold, for plaintiff.

Spalding, MacDougald & Sibley, Erwin, Erwin & Nix, for defendant.