## BROWN *v.* GLOBE & RUTGERS FIRE INSURANCE CO.

1. In an action brought to recover upon a policy of fire insurance containing a stipulation that the policy should be void in case of any misrepresentation as to the ownership of the property insured, where it appeared from the policy that unconditional ownership of the property was alleged in this writing, evidence that the agent of the insurance company issuing the policy had full knowledge of the facts and knew that full ownership of the property was not in the insured, but that a bill of sale with title reserved was outstanding, was admissible. In such circumstances the insurance company (the knowledge of whose agent was knowledge to it) was estopped to assert the stipulation as to full title to the insured property, notwithstanding the provision in the original policy that "this policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or endorsed hereon; and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance described herein; and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The waiver to insist upon this stipulation, arising from the issuance of the policy with knowledge of the fact, created an estoppel to thereafter at any time assert this stipulation.

2. It was error on the part of the lower court to award a nonsuit; and in view of the ruling heretofore announced in the first headnote, as well as the ruling upon the nonsuit, the Court of Appeals erred in affirming the judgment of the trial court.

No. 4732.   FEBRUARY 19, 1926.

---

Appeal and Error 4 C. J. p. 1162, n. 1; p. 1165, n. 60.

Estoppel 21 C. J. p. 1062, n. 43; p. 1245, n. 13; p. 1246, n. 24, 25; p. 1250, n. 73.

Fire Insurance 26 C. J. p. 293, n. 44, 46; p. 296, n. 90; p. 313, n. 6; p. 316, n. 23; p. 317, n. 28; p. 559, n. 62.

Pleading 31 Cyc. p. 242, n. 58.

54

Certiorari; from Court of Appeals.  33 *Ga. App.* 141.

*George & John L. Westmoreland* and *Charles G. Reynolds,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

RUSSELL, C. J.  1.  Brown brought an action to recover upon an insurance policy issued by the Globe & Rutgers Fire Insurance Company.  The evidence for the plaintiff showed that an automobile of which Brown claimed to be the owner was injured or destroyed by fire.  It had been purchased by Brown from one Gray on April 6, 1922.  On October 21, 1921, the insurance company issued a policy of insurance for $1800 to Gray.  This policy contained the following stipulation:  "If the interest of the assured in the subject of this insurance be other than unconditional and sole ownership,  . .  or unless otherwise provided in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder:  . .  While encumbered by any lien or mortgage."  The policy also contained a clause as follows:  "The automobile described is fully paid for by the assured, and is not mortgaged or otherwise encumbered, except as follows: No exceptions."  On April 6, 1922, when Brown purchased the automobile from Gray the following endorsement or rider was entered upon the policy by N. S. Morgan, as agent and manager of the insurance company: "The assured under the above numbered policy is now recognized as H. S. Brown, and his occupation is c/o May's Dry Cleaning Company. The assured paid $2300 for the car.  All other conditions remain unchanged."  The plaintiff offered to prove that this agent, before attaching the rider to the policy, inquired whether or not the car was paid for by the plaintiff, and was informed that it had not been paid for, but that there was a balance due on the purchase-price to the Packard Company of Atlanta, and that such company held notes retaining title until the purchase-price was paid.  The plaintiff offered to prove further that the agent thereupon telephoned to the Packard Company, and ascertained from it the exact amount of the balance due on the purchase-price of the automobile, and that the agent of the company made the rider to read that the car was fully paid for, with full knowledge of the true condition of the title, and that the debt to secure which title had been reserved had not been paid.  The court ex-

cluded the evidence offered to show these facts and repelled the evidence as to notice to the agent at the time of reissuing the policy to Brown instead of Gray by the endorsement or rider quoted above, and thereupon granted a nonsuit.

In our view of the case the admissibility of the evidence is the only real question presented by the record; because it must be conceded that if the court correctly excluded the evidence that was offered, there was no error in awarding a nonsuit. On the other hand, since the record shows the issuance of the policy, the payment of the premium, the value of the automobile, and its destruction by fire, if the defendant was estopped to set up want of title in the plaintiff as a defense, the evidence adduced would have proved the case of the plaintiff as laid. We are of the opinion that the plaintiff should have been permitted to introduce the evidence which was excluded. The objection made to its admissibility was that parol evidence is inadmissible to alter or vary the terms of an unambiguous written contract. This objection was insufficient to authorize the exclusion of the evidence. The evidence was admissible, not for the purpose of varying the terms of the endorsement or rider as it was reduced to writing, but to show that the real circumstances under which the policy was issued were misstated by the agent of the company with knowledge at the time upon his part that the statement alleged by him in his rider to the effect that the automobile was fully paid for was untrue, and that, no matter what was embodied in the writing, the real fact was that the agent, and through the agent the insurance company, knew the fact to be that the automobile was not paid for. The statement by the agent of the company that the automobile was in fact paid for, when the company knew that it was not paid for, can not be otherwise treated as matter of law than as a distinct waiver of any and all stipulations in the policy providing for a forfeiture if the interest of the assured was less than full and unconditional ownership. Having waived these stipulations in the policy, the right of the insurance company as to protection upon this point was no greater than if these conditions as to ownership had never been inserted in the policy or if they had been entirely erased therefrom. If at the time the words "paid $2300.00" were entered in the rider by the company's agent he knew from conversation with the agent of the Packard Company

that there was still a balance of something over $600 due, secured by reservation of title to the very automobile in question, the entry amounted to nothing more or less than a statement by implication that the company was willing to assume the risk without regard to the claim of the Packard Company. In other words, the agent for the company waived the stipulations as to the plaintiff's full ownership of the property. In *Springfield Fire Insurance Co.* v. *Price,* 132 *Ga.* 687 (64 S. E. 1074), a decision by a full bench of six Justices, this court held: "Where a policy of fire insurance contained a stipulation that it should be void if the subject of insurance be a building on ground not owned by the insured in fee simple, but, at the time the application for insurance was made, the company, through its agent, knew that the applicant did not own the land on which the building sought to be insured was situated, the company, in defending an action on the policy, will be estopped from setting up the non-compliance of the insured with this condition of the policy." The case of *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306 (87 S. E. 1), rules to the same effect in holding that if the agent of the company, authorized by his principal to procure insurance, write and countersign policies, collect premiums, and deliver policies, "knew the status of the title at the time of the issuance and delivery of the policy, such knowledge will be constructive knowledge to the company, and will estop the company from denying the validity of the policy on account of the status of the title. On the question of estoppel, there was no error in admitting evidence tending to show that the agent had notice of the status of the title at the time the policy was issued." The principle had been previously recognized by this court in *Mechanics Insurance Co.* v. *Mutual Asso.,* 98 *Ga.* 262 (25 S. E. 457), in which this court held that "Where a policy of fire insurance contained stipulations or conditions reciting that unless such and such things were true the policy was to be void, and the declaration in an action thereon showed affirmatively that one or more of these things were not true, it was demurrable, but was saved by an amendment alleging in substance that the company's agent by whom the policy was delivered to the insured knew at and before the time of making the delivery all the facts to which such stipulations or conditions related, and that consequently the company waived the benefit of

the same. In such case it was of course incumbent upon the plaintiff to prove the waiver as alleged." After referring to 1 May on Insurance, § 143, and authorities cited, Mr. Chief Justice Simmons, in delivering the opinion of this court, said: "It is well settled that where an agent who is authorized to issue and deliver policies in behalf of an insurance company issues and delivers a policy with knowledge of the true state of the title, the knowledge of the agent is the knowledge of the company, and the delivery of the policy with such knowledge amounts to a waiver of the conditions relating to the existing state of the title. 'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered.'" Under this ruling, whether we treat the rider as a mere consent on the part of the company to a transfer of the contract in behalf of Gray to Brown, or as a reissuance of the policy, the evidence which was excluded should have been admitted. In *Johnson* v. *Ætna Insurance Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92), this court was requested to review and overrule the *Mechanics Insurance Co.* case, supra, but after a careful study declined to do so, holding that "the logic of that case is unanswerable." The court sustained the ruling sought to be overruled, by *Carrugi* v. *Atlantic Ins. Co.*, 40 *Ga.* 135 (2 Am. R. 567); *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660; *Greenwich Ins. Co.* v. *Sabotnick*, 91 *Ga.* 717 (17 S. E. 1026); *Swain* v. *Macon Ins. Co.*, 102 *Ga.* 96 (29 S. E. 147). In the opinion of the writer, it could well have been sustained upon principle even had the case been one of first impression; for "estoppel is the shield of justice interposed for the protection of those who have not been wise enough or strong enough to protect themselves. It is the special grace of the court, authorized and permitted to preserve equities that would otherwise be sacrificed to cunning and fraud." Ostrander, Fire Ins. § 366. When an insurer with full knowledge of the provisions of his policy and equally full information as to the existence of a situation surrounding the insured, by reason of which it will be probable, if not indeed certain, that the insured will pay and the insurer will receive a premium, the writing of a policy would be a fraud unless it were presumed that the policy would be paid in the event of a loss to the insured, regardless of any provision applicable to those cir-

cumstances which the insurer knew, affecting the rights of the opposite party under the contract. Good faith would require it. Equity would demand it. To say that one should be discharged from the obligation of a contract which provided for a forfeiture of the rights of the opposite party in case the latter was not possessed of full ownership, when it was known at the time that such party did not *own* the property in question in the full acceptation of that term, would be to state a proposition at variance with every principle of law and equity.

2. It is insisted, however, that the evidence was inadmissible in this case, because estoppel had not been pleaded. In our opinion it was not necessary for the plaintiff to plead estoppel. In the case at bar the plaintiff in his petition stated all the necessary facts, and the defendant defended by the terms of the contract. Since the passage of the Neel act, replication is not required in pleading. The Neel pleading act was passed by the General Assembly to simplify pleading, and to require nothing more than the petition and answer. So far as we are aware, in every jurisdiction where it is unnecessary to file a replication it is likewise not necessary to plead estoppel, and yet evidence showing an estoppel is admissible. In a case where the defendant relies upon estoppel as a defense, it must be pleaded because the Neel act requires that the defense be plainly and clearly presented; but this rule does not apply where the plaintiff relies upon estoppel in order to defeat a defense raised by the defendant in his answer. Since the passage of the Neel act only a petition and an answer are necessary to put a case at issue. Every fact pleaded in an answer as true is treated as denied by the plaintiff, and evidence may be introduced in behalf of the plaintiff to rebut, controvert, or otherwise show that for any reason the defense pleaded is not good against the plaintiff's claim. See Civil Code (1910), §§ 5573, 5633, 5647, 5651; *Henry* v. *Peters, 5 Ga.* 311; *Central of Ga. Ry. Co.* v. *Tankersley, 133 Ga.* 153 (65 S. E. 367). Evidence in rebuttal of other evidence is admissible for the opposite party for the purpose of showing an estoppel, even though estoppel is not pleaded. 21 C. J. 1246, § 255. For this reason the Court of Appeals erred in holding that the lower court properly excluded the evidence as to the knowledge of the agent of the insurance company, for the reason that "the petition alleged compliance

with all the terms of the policy, and no waiver of any sort was pleaded." *Judgment reversed. All the Justices concur.*

HINES, J., concurs in the result.