18697. FAIR *et al. v.* CULPEPPER & SON.

BROYLES, C. J. 1. The motion (made in the brief of counsel for the defendant in error) to dismiss the bill of exceptions is denied.

2. Although, "since the passage of the act of September 21, 1881, the plaintiff in an action in a justice's court must set forth, with some degree of certainty, his cause of action" (*Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693, 46 S. E. 869), it is still true that the niceties of pleading required in superior courts and in city courts are not required in a justice's court.

(*a*) "In a suit in a justice's court it is immaterial whether the 'copy' of the 'cause of action sued on' is contained in the body of the summons or is attached as an exhibit thereto." *Southern Railway Co.* v. *Collins,* 118 *Ga.* 411 (2) (48 S. E. 306). In the instant case the plaintiff's proceedings were not subject to the demurrers interposed.

3 This was a suit in a justice's court by a local agent of a fire-insurance company to recover from the insured the first annual premium which had been paid to the company by the agent for and in behalf of the insured. The insured pleaded, among other things, that the plaintiff was not entitled to recover, because the policy of insurance was void: (1) because it had never been actually delivered to the insured; and (2) because the insured·had no title to the property insured, and, therefore, the policy, under certain provisions therein, was void. These contentions are not sound. A manual delivery of a policy of fire-insurance is not required where the policy has been issued by the company and is merely retained by the agent for his individual protection until reimbursed by the insured. *Fireman's Fund Insurance Co.* v. *Pekor,* 106 *Ga.* 1 (2) (31 S. E. 779). It is likewise well settled that a policy of fire insurance is not void by reason of the fact that the title to the property insured is not in the insured (a provision of the policy declaring that such fact voids the policy), where at the time of the writing of the policy that fact was known to the agent of the company writing the policy. *Brown* v. *Globe &c. Insurance Co.,* 161 *Ga.* 849 (133 S. E. 260).

4. The evidence on the trial was in acute conflict as to whether the agent writing the policy had authority from the insured so to do, but that question was resolved by the jury in favor of the plaintiff, and the finding was not without evidence to support it. It does not appear, for any other reason assigned in the petition for certiorari, that the verdict and judgment in favor of the plaintiff were unauthorized. The refusal of the judge of the superior court to sanction the certiorari was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1928.

*Eva Luke Hay,* for plaintiffs in error. *James B. Burch,* contra.