**27767. HARTFORD FIRE INSURANCE COMPANY v. GARRETT.**

SUTTON, J. 1. A contract of insurance, to be binding, must be in writing. Code, § 56-213; *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306, 308 (87 S. E. 1); *Mitchiner* v. *Union Central Life Ins. Co.,* 185 *Ga.* 194, 195 (194 S. E. 530).

2. A contract of insurance can not be partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993); *Mitchiner* v. *Union Central Life Ins. Co.,* supra; *Newark Fire Ins. Co.* v. *Smith,* 176 *Ga.* 91, 93 (167 S. E. 79).

3. Applying the above principles of law to the facts of the present case, where suit was brought on a policy of insurance to recover for the loss of a building destroyed by a tornado, but where the evidence demanded a finding as a matter of law that the building destroyed was not in fact included in the coverage of insurance, and where, even if a jury might be authorized to find that it was the intention of the contracting parties that such building was to be included in the risk, the petition contained no prayer for reformation of the contract, and the city court of Carrollton, in which the case was tried, had no jurisdiction, not being a court of equity, to give affirmative relief by reforming the contract of insurance, even if such a prayer had been made (*Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 921, 41 S. E. 74; *Ragan* v. *Standard Scale Co.,* 123 *Ga.* 14, 50 S. E. 951; *DeVane* v. *Fambrough,* 133 *Ga.* 471 (2), 66 S. E. 245; *Wise* v. *Royal Insurance Co.,* 32 *Ga. App.* 719 (3), 124 S. E. 556), a verdict in favor of the defendant was demanded as a matter of law.

4. The court erred in submitting to the jury an issue as to whether or not the parties mutually intended that the destroyed building be included in the insurance risk, and in instructing them as to the measure of damages for the loss of such building.

5. The court erred in overruling the defendant's motion for new trial.

   *Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 21, 1939.

*MacDougald, Troutman & Arkwright, O. W. Roberts Jr., Dudley Cook,* for plaintiff in error. *Willis Smith,* contra.