42361. ALLSTATE INSURANCE COMPANY v. WALKER.

JORDAN, Judge. This is the second appeal to this court by the insurer on an action by the insured seeking recovery under a homeowner's insurance policy for the loss by theft of personal property from a house trailer. On the first appeal this court determined that the pleadings and evidence conclusively showed that the house trailer was a dwelling owned by the insured separate and distinct from the dwelling covered by the policy, that the trailer (as a dwelling owned by an insured in which he was not temporarily residing) and its contents were not covered by the insurance policy, and that under these circumstances a verdict for the insurer was demanded as a matter of law. *Allstate Ins. Co. v. Walker,* 111 Ga. App. 120, 123 (140 SE2d 910). Thereafter the insured twice amended his petition, alleging that when he purchased the house trailer he inquired of an agent of the insurer as to what coverage was required to insure him against loss by theft from the trailer, that through the agent and through the insurer's underwriting office he was advised that the trailer and contents were covered by the homeowner's insurance policy, and that the insurer was therefore estopped to deny coverage. The insurer moved to strike the amendments and to dismiss the petition, renewed its general and special demurrers, and demurred specially to the amendments. The trial judge sustained one special demurrer and overruled the motion and other demurrers. The insurer appeals from the overruling of the motions and demurrers. *Held:*

1. " 'The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its items, or risks expressly excluded therefrom. . .' 29 AmJur 690, Insurance, § 903; *Quillian v. Equitable Life Assur. Society*, 61 Ga. App. 138 (3) (6 SE2d 108); *Life & Casualty Ins. Co. v. Williams*, 200 Ga. 273 (36 SE2d 753, 161 ALR 686); *Doubrly v. Carolina Life Ins. Co.*, 58 Ga. App. 178 (198 SE 76); *Life & Cas. Ins. Co. v. Carter*, 55 Ga. App. 622 (191 SE 153), affirmed in 185 Ga. 746 (196 SE 415)." *Reserve Life Ins. Co. v. Ramsey*, 98 Ga. App. 732, 733 (2) (106 SE2d 820). Also see *Wise v. Royal Ins. Co.*, 32 Ga. App. 719 (2) (124 SE 556), and *Hartford Fire Ins. Co. v. Garrett*, 60 Ga. App. 816 (5 SE2d 276).

2. As the petition as finally amended fails to disclose any right of recovery except in a manner not available to the insured, by application of the doctrine of estoppel to the representations of the insurer through its agents that coverage included a house trailer and its contents, i.e., a dwelling and its contents otherwise not within the terms of the policy, the trial judge erred in overruling the renewed general demurrer to the petition. This being controlling, it is unnecessary to consider the other enumerated errors.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 5, 1966—DECIDED DECEMBER 2, 1966.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, W. Wray Eckl,* for appellant.