## 32557. CHRISTIAN et al. v. ALLSTATE INSURANCE COMPANY et al.

BOWLES, Justice.

We granted certiorari in the above case to consider the opinion of the Court of Appeals in *Allstate Ins. Co. v. Christian Brokerage Co.,* 142 Ga. App. 238 (235 SE2d 566) (1977), and the question as to whether or not an insurance company is estopped to deny coverage of a vehicle on the basis of nonownership by the named insured, where the policy of insurance describes the vehicle as owned by the named insured, the agent of the insurer was aware of the true ownership at the time the policy was written, and premiums were paid and collected on the vehicle as if it were owned by the insured.

The opinion of the Court of Appeals was based on the holding of that court in *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (152 SE2d 895) (1966) and cits., wherein it was again held: "The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its items, or risks expressly excluded therefrom. . ." We believe that the holding in that case is a correct pronouncement of the law, but that the decision is not applicable under the facts in the instant case.

The contract of insurance now under consideration would afford protection for Linda Christian, the operator

of the vehicle involved in a collision, and her father, Bob Christian, the legal owner, without enlargement, addition or variation in the policy as actually written.

To illustrate we will outline some of the pertinent facts. Allstate Insurance Company, plaintiff in the court below, brought an action for declaratory judgment, naming as defendants Christian Brokerage Company, Bob H. Christian and Linda Christian to determine its responsibility under a policy of liability insurance which it had issued to Christian Brokerage Company as insured. The policy contained a schedule identifying as "owned automobiles" certain described automobiles and the premiums charged for each individual automobile in consideration of the coverage afforded.

Pending at the time was a suit brought by an injured third party, Slaughter, against Linda Christian and Bob Christian for personal injuries received arising out of an automobile accident from the operation of one of the scheduled "owned automobiles." At the time of the collision complained of the automobile was being operated by Linda Christian on a personal mission not associated with the business of Christian Brokerage Company, but with the latter's permission.

The policy in question provided in part, that it insures "any other person while using an owned automobile. . . with permission of the named insured."

The policy also provided for insurance for "any partner or executive officer thereof, but with respect to a *non-owned* automobile only while such automobile is being used in the business of the named insured."

Under the written terms of the policy and the facts presented both defendants in the personal injury action, Linda Christian as a user with permission and her father, Bob Christian as company president, were covered since the automobile involved was listed and identified as an "owned automobile."

Evidence for the defendants showed that prior to the time the policy was issued and during the negotiations for the same, one or more of the executive officers of the Christian Brokerage Company advised the representative agent for Allstate that some of the vehicles to be insured were titled in the name of the individual

officers of the family owned and operated corporation, and the automobiles were also driven for the personal use and convenience of these officers and members of their families. Notwithstanding this knowledge by Allstate's agent, the company prepared and issued the policy in question and scheduled thereon all of the vehicles to be insured, identifying them in the policy prepared and furnished as "owned automobiles of the company." Under the policy provisions any driver using one of the vehicles with permission of the company would be afforded liability coverage whether driving on company business or personal business. The policy also provided that "a *non-owned*" automobile would not be afforded liability protection unless being driven in the course of the company's business. Evidence outside the policy showed that the automobile in question, which had been listed on the policy as an "owned automobile," was in fact titled in the name of its president, Bob Christian. Allstate contended that the automobile in question was in fact a "non-owned automobile" and because of the admitted personal use at the time of the accident, the policy afforded no liability coverage for its driver. Based on these facts, which were not contradicted, the trial court granted defendants a summary judgment, thus concluding that the policy in question afforded coverage to Linda Christian and her father, Bob Christian, for liability arising out of the litigated accident. The Court of Appeals reversed the decision of the trial court in that respect and we must now consider the correctness of that opinion. *Held:*

Where an insurance company through its own agent has knowledge that the actual title to certain au-tomobiles, to be insured along with other automobiles in a fleet policy, are actually titled in the names of persons associated with the insured rather than in the name of the insured itself; with that knowledge issues a policy of insurance naming the insured as the owner of all of the vehicles described in the policy; and calculates and collects an individual premium with respect to each of said automobiles on that basis, it waives its right to later contend that one of the vehicles is titled in the name of an officer of the company so as to deny liability coverage on

that vehicle as a nonowned vehicle. Such a waiver is estoppel by contract and the insurance carrier will not be permitted to avoid its responsibility under the contract as written through the use of aliunde evidence which would preclude coverage under the terms of another contract provision. *Brown v. Globe & Rutgers Fire Ins. Co.,* 161 Ga. 849 (1) (133 SE 260) (1925); *Wilson Marine Sales &c. v. Firemen's Fund Ins. Co.,* 133 Ga. App. 220, 223 (211 SE2d 145) (1974); *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2) (174 SE2d 591) (1970); *American Home Mut. Life Ins. Co. v. Harvey,* 99 Ga. App. 582 (109 SE2d 322) (1959); *Fair v. Culpepper & Son,* 38 Ga. App. 90 (3) (143 SE 756) (1928); *Grantham v. Royal Ins. Co.,* 34 Ga. App. 415 (2) (130 SE 589) (1925); *Simon v. Mechanics Ins. Co.,* 31 Ga. App. 137 (2) (121 SE 342) (1923).

*Allstate Ins. Co. v. Walker,* supra, which is the basis of the opinion of the Court of Appeals in this case is distinguishable. While waiver or estoppel may not be used to enlarge the coverage contained in a policy of insurance, it may nevertheless be invoked in a situation such as this to preclude an insurer from varying the terms of a policy of insurance as written. *Bell v. Studdard,* 220 Ga. 756 (141 SE2d 536) (1965), relied upon by Allstate has to do with minimum requirements of pleading equitable estoppel and is not applicable here.

Because of the conclusion reached by the Court of Appeals in its opinion, other questions in the case were not passed upon and will not be considered here.

*Judgment reversed and remanded for further proceedings not inconsistent with this opinion. All the Justices concur.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 20, 1977.

*Poole, Pearce, Cooper & Smith, Edwin M. Pearce, Robert R. Smith,* for appellants.

*Cullen M. Ward, William C. Lanham, Inslee M. Johnson, Clark H. McGehee, Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Robert C. Semler,* for appellees.