CONTINENTAL GRAPHIC SERVICES,
INC., Plaintiff-Appellant,

John C. Grunden, et al.,
Movants-Appellants,

v.

CONTINENTAL CASUALTY
COMPANY,
Defendant-Appellee.

No. 81–7922
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1982.

Davis & Butt, Eugene David Butt, Atlanta, Ga., for Continental Graphic Services, Inc.

Jessee, Ritchie & Duncan, George E. Duncan, Jr., Edgar S. Mangiafico, Jr., Atlanta, Ga., for Grunden et al.

David A. Handley, Michael W. Higgins and Hugh M. Worsham, Jr., Atlanta, Ga., for Continental Cas. Co.

Before HILL, VANCE and HATCHETT, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This appeal arises from the district court's granting of summary judgment to appellees, Continental Casualty Company (hereinafter CCC). For the reasons set out below, we affirm the award of summary judgment.

In February of 1980 while testing a printing press which it had installed for International Lithographing, Continental Graphic Services (hereinafter CGS) discovered several damaged gears and other mechanisms. International subsequently sued CGS for damages arising from installation and repair of the press. CGS asked the insurance carrier, CCC, to defend the action and provide coverage in the event that the claim proved successful.

CCC, however, denied coverage under the policy extended to CGS on the basis of the following exclusion clause:

This insurance does not apply:

. . . .

(d) to that particular part of any property, not on the premises owned by or rented to the Insured,

    (i) upon which operations are being performed by or on behalf of the Insured at the time of the *Property Damage* arising out of such operations, or

    (ii) out of which any *Property Damage arises,* or

    (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the Insured . . . .

Similarly, CCC refused to defend the suit by International because the loss was not within the scope of the policy.

CGS brought the present Declaratory Judgment action, seeking a declaration that the policy in fact covers the loss claimed by International and that CCC has a duty under the insurance agreement to defend CGS. Jurisdiction was based upon diversity of citizenship, and because the policy was executed in Georgia the law of that state applies.

1. *Coverage Under the Policy*

The district court held that the loss sustained by International due to the damaged press was not protected by the insurance policy. Clearly, the exclusion clauses quoted above exempt the printing press itself from coverage.

CGS, however, seeks to avoid the unambiguous language of the exclusion clauses by arguing that the exclusions only relate to the defective gear which caused the damage, rather than to the entire press as the district court found. CGS's argument is without merit. Operations were being performed on the printing press. In clear terms the policy excludes from coverage damage to the press itself. *See Vinsant Electrical Contractors v. Aetna Casualty & Surety Co.,* 530 S.W.2d 76 (Tenn.1975); *Goldsberry Operating Company, Inc. v. Cassity, Inc.,* 367 So.2d 133 (La.App.1979).

2. *Estoppel and Waiver*

The argument principally relied upon by CGS on appeal is that CCC's agent, Mr. Grunden, made certain representations to CGS in procurring the instant policy and that as a result of those statements CCC should be estopped from denying coverage. More to the point, CGS claims that because Grunden knew that 99% of its business activities took place "not on the premises

owned or rented to the Insured," CCC should be estopped from denying coverage.

The district court, citing controlling Georgia law, held that CGS could not use the doctrines of estoppel and waiver to enlarge the coverage of the policy. CGS steadfastly maintains that *Christian v. Allstate Insurance Co.*, 239 Ga. 850, 239 S.E.2d 328 (1977), calls for a contrary result.

*Christian* involved an automobile insurance policy which specifically described as covered certain company owned cars. Among those listed as owned by the company was one which in fact was privately owned. The insurance company knew about the private ownership, but continued to collect premiums on the vehicle and to list it as covered by the policy. When the car was involved in an accident, the insurer denied coverage. The Georgia Supreme Court held, "while waiver or estoppel may not be used to enlarge the coverage contained in a policy of insurance, it may nevertheless be invoked . . . to preclude an insurer from varying the terms of a policy of insurance as written." *Id.* at 853, 239 S.E.2d at 330.

*Christian* is readily distinguishable from the present case. In *Christian* the terms of the policy expressly included the car in question. Here the policy expressly excludes the machine for which recovery is sought. Here, unlike in *Christian*, the insured must rely upon estoppel and waiver to bring an excluded item within the terms of the agreement. Georgia law does not permit an insured to use estoppel and waiver to "bring within the coverage of a policy risks not covered by its terms, or risks excluded therefrom." *McGhee v. Independent Life & Accident Insurance Co.*, 146 Ga.App. 310, 311, 246 S.E.2d 349 (1978), quoting *Ballinger v. C & S Bank*, 139 Ga.App. 686, 689, 229 S.E.2d 498 (1976). We, therefore, hold that estoppel and waiver are not available to CGS to bring the damaged press within the terms of its policy with CCC. *See, Keaten v. Paul Revere Life Insurance Co.*, 648 F.2d 299 (5th Cir. 1981).

### 3. *Intervention by Grunden*

Mr. Grunden, the agent who procured the policy in question for CCC, appeals from the District Court's refusal to allow him to intervene in the present case. We find that Grunden was not entitled to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure because his interests were adequately represented by an existing party, CGS. Grunden in fact seeks precisely the result urged by CGS—coverage by the insurance policy of the damage to International's press. He may not, therefore, intervene as of right. *Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844 (5th Cir. 1973).

Nor did the district court abuse its discretion in refusing Grunden's motion for permissive intervention. That motion was made many weeks after the complaint had been filed and discovery had been developed. The district court was well within its discretion in denying the motion. *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977).

### 4. *The Duty to Defend*

CGS also argues that regardless of whether International's claims against it are excluded by the policy, CCC has a duty to defend under the following clause, requiring CCC to defend:

> Any suit against the Insured seeking damages on account of Property Damage, even if the allegations of the suit are groundless, false or fraudulent . . . .

The district court did not specifically rule on this claim by CGS. However, because under no reasonable interpretation of the exclusion clauses which limit CCC's coverage could the district court have found that International's claims were covered by the policy, we conclude that the court implicitly held that CCC did not have a duty to defend when it granted CCC's motion for summary judgment. We concur with the district court and hold that CCC does not have a duty to defend CGS in the International suit.

AFFIRMED.