## 53479. ALLSTATE INSURANCE COMPANY v. CHRISTIAN BROKERAGE COMPANY et al.

BELL, Chief Judge.

This is a suit brought by the insurer seeking a declaratory judgment that an automobile policy afforded

no coverage. The defendants' motion for summary judgment was granted.

Plaintiff issued a "fleet policy" on the vehicles of the named insured, the defendant Christian Brokerage Company, in September, 1971. An indorsement to the policy contained a list of company "owned" vehicles, one of which was a 1967 Oldsmobile. This policy with this vehicle listed was renewed for two succeeding years. In December 1973, defendant Linda Christian was involved in a collision with the defendant Slaughter while operating this 1967 Oldsmobile enroute to college. This vehicle was owned by her father, the defendant Bobby Christian, who was also the president of the defendant company. Slaughter filed a personal injury suit against the father and daughter. The policy of insurance in force at the time specifically provided: ". . . Persons Insured . . . (a) the Named Insured; (b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the Named Insured; (c) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, . . .; . . . None of the following is an Insured: . . . (iii) an executive officer with respect to an automobile owned by him or by a member of his household; . . ." The terms owned, nonowned and hired automobile were also defined by the policy as follows: ". . . 'hired automobile' means an automobile not owned by the Named Insured which is used under the contract in behalf of, or loaned to, the Named Insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the Named Insured . . .; 'non-owned automobile' means an automobile which is neither an owned automobile nor a hired automobile; 'owned automobile' means an automobile owned by the Named Insured; . . ."
*Held:*

Applying the facts to the policy provisions it is eminently clear that no coverage was afforded to either the father or daughter. The vehicle involved in the collision was not owned by the named insured, the brokerage company, but by the defendant father. The policy specifically excluded him as an insured as he was

an executive officer and the vehicle involved was his property. This fact of ownership in the father likewise excluded the daughter as an insured. She would only be an insured person when operating an "owned" or "hired" automobile. Notwithstanding these clear and unambiguous policy provisions the defendants maintain that the insurer waived or was estopped to assert the defense of noncoverage. This stems from the evidence contained in affidavits of two other executives of defendant company to the effect that at the time of the purchase of the original policy in 1971 an agent of the insurer, since deceased, acquired knowledge that some of the vehicles which were listed as owned by the company on the policy were in fact personally owned by company executives and that this knowledge of the deceased agent was imputable to plaintiff Allstate and operated as a waiver or an estoppel of the asserted defense of noncoverage. The admissibility of this evidence was challenged as being incompetent under Code § 38-1603, the so-called dead man's statute. Assuming but not deciding that this evidence was admissible, it cannot operate to grant the coverage sought by defendants. Waiver and estoppel based on the conduct of an agent or an insurer are not available to create coverage where no coverage exists. *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (152 SE2d 895). Lastly, the contention is made that plaintiff cannot deny coverage under the provisions of Code Ann. § 56-2409. This statute concerns misrepresentations in applications and avoiding coverage because of misrepresentations, omissions, etc. It has no application here under the facts as the insurer is not avoiding coverage because of misrepresentation in the application. No coverage exists because of the plain and unambiguous policy provisions which the courts must enforce as written. Accordingly, the defendants are not entitled to a summary judgment.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED FEBRUARY 1, 1977 — DECIDED APRIL 6, 1977 —
REHEARING DENIED MAY 9, 1977 —

*Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Jr., Robert C. Semler,* for appellant.

*Cullen M. Ward, Inslee M. Johnson, Poole, Pearce, Cooper & Smith, Robert R. Smith, Edward M. Pearce,* for appellees.