## 54439. DAVIS v. SOUTH CAROLINA INSURANCE COMPANY et al.

BELL, Chief Judge.

This case is a suit involving numerous defendants and another party who was styled as the "intervenor" to recover for a fire loss to plaintiff's residence. The defendant, South Carolina Ins. Co., was the insurer on a homeowner's policy issued to plaintiff. The defendant insurer moved for judgment on the pleadings. The trial court granted the motion and in its order it was affirmatively stated that the court heard "evidence of the plaintiff at plaintiff's insistence. . ." This order was signed and entered on February 27, 1976. On March 31, 1976, plaintiff filed a notice of appeal from this judgment. After docketing in this court, an order was entered on the minutes on July 14, 1976, dismissing the appeal for "failure to comply with the application for interlocutory appeal." Thereafter another judgment was entered in the case on April 29, 1977, in which it purports to grant the "intervenor" a judgment against plaintiff for part of certain funds deposited in the registry of the court. The record shows no final judgment entered with respect to any other parties than those named above. A notice of appeal was then filed on May 27, 1977, which recites in part: "A final judgment having been entered in the above case on April 29, 1977, notice is hereby given that Clifton Davis, plaintiff in the above styled case hereby appeals to … Court of Appeals from the order of this court entered on February 27, 1976 sustaining the motion of South Carolina Insurance Company, for judgment on the pleadings." The defendant insurer has moved to dismiss the appeal which seeks review of the judgment of February 27, 1976 on the ground that it is not timely. The defendant argues that the grant of judgment on the pleadings was actually one for summary judgment because the trial court, as its order clearly states, considered evidence outside the pleadings. CPA § 12 (Code Ann. § 81A-112). We agree and therefore the grant

of the motion was subject to direct appeal. CPA § 56 (b) (Code Ann. § 81A-156 (b)). It was not subject to review via the interlocutory procedure. Plaintiff's notice of appeal in the prior appearance of this case was filed 33 days after entry of the judgment. The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on the appellate court. *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530). Thus the prior appeal was correctly dismissed for lack of appellate jurisdiction but the reason expressed by this court for dismissal was incorrect. This prior erroneous reason for dismissal cannot be treated as binding under the law of the case rule under CPA § 60 (h) (Code Ann. § 81A-160 (h)). The statute provides in part that any "ruling" by the Court of Appeals in a case shall be binding in all subsequent proceedings. The ruling in our prior case was merely that we had no jurisdiction to consider the appeal and we dismissed it. While that dismissal was proper, the correct reason for the dismissal is that an appellate court can review a judgment sought to be appealed only when jurisdiction has been conferred on it by compliance with the provisions of the Appellate Practice Act. We have no jurisdiction to review this judgment as plaintiff has failed to comply with the Appellate Practice Act by not filing a timely notice of appeal. The motion to dismiss the appeal is granted.

*Appeal dismissed. McMurray and Smith, JJ., concur.*

Argued September 20, 1977 — Decided November 7, 1977.

*G. William Jessee, Sr.*, for appellant.
*Harvey, Willard, Elliott & Olsen, E. C. Harvey, Jr.*, for appellee.