### 53479. ALLSTATE INSURANCE COMPANY v. CHRISTIAN BROKERAGE COMPANY et al.

BELL, Chief Judge.

In the prior appearance of this case, we held that, because of the plain and unambiguous policy provisions, no coverage existed under an automobile insurance policy on a vehicle which was listed on the policy as a car belonging to the defendant company, but which was in fact personally owned by the defendant president of the company and driven by his defendant daughter for personal purposes; and that the doctrine of estoppel and waiver did not apply. *Allstate Ins. Co. v. Christian Brokerage Co.*, 142 Ga. App. 238 (235 SE2d 566). On certiorari, the Supreme Court reversed, holding that, where an insurance company through its own agent has knowledge that the actual title to certain automobiles, to be listed with other automobiles in a fleet policy, are actually titled in the names of persons associated with the insured (the defendant brokerage company) rather than in the name of the insured itself, with that knowledge issues an insurance policy naming the insured as the owner of all of the vehicles listed, and collects premiums with respect to each of the vehicles on that basis, it waives its right and is estopped by contract to later contend that one of the vehicles is titled in the name of an officer of the company so as to deny liability coverage on that vehicle as a nonowned vehicle. *Christian Brokerage Co. v. Allstate Ins. Co.*, 239 Ga. 850 (239 SE2d 328).

The Supreme Court remanded this case to us for our consideration of other questions presented which were not passed on in our prior decision. In reversing the trial court's grant of a summary judgment to the defendants, we assumed but did not decide that the evidence contained in the affidavits of two officers of the defendant

company was admissible. This evidence was to the effect that at the time of the purchase of the original policy in 1971, an agent of the plaintiff insurer, since deceased, acquired knowledge that some of the vehicles which were listed as owned by the company were in fact personally owned by company executives. The question of the admissibility of this evidence is now ripe for decision for it is a determining factor as to whether an estoppel by contract arose.

Plaintiff contends here and before the trial court that the evidence of the company officers was incompetent as a matter of law under the provisions of Code Ann. § 38-1603. We agree. The pertinent provisions of the so-called dead man's statute prohibit agents of surviving parties from testifying as to transactions or communications with a deceased agent of a corporation. Code Ann. § 38-1603 (3) (5). The trial judge erred in considering the affidavit testimony in support of defendants' motion for summary judgment. The evidence establishes that defendant Bobby H. Christian, Sr. was president of the Christian Brokerage Company. It also shows that the automobile involved in the accident had initially been a company owned car, but that Bobby Christian, Sr., purchased it from the company in 1970. The evidence demonstrates that Jerry and Wayne Christian were executive officers of the Christian Brokerage Company, and that they were authorized to procure its fleet and liability insurance coverage. Both Jerry and Wayne admitted knowing that the Christian family's personal cars, including those of Bobby Christian, Sr. were listed on the company's fleet schedule. They also admitted their responsibility of procuring insurance coverage for these personally owned cars and for the Christian family members listed as drivers (including defendant Linda Christian).

From the date of issuance of the Allstate policy in 1971, until the time of the accident in 1973, Jerry, and subsequently, Wayne Christian had been responsible for procuring liability insurance for Bobby Christian, Sr.'s personally owned automobile and for insuring Linda Christian as a listed driver of that vehicle. Thus, for a period of three years, Bobby Christian, Sr. and his

daughter, Linda, authorized and relied on Jerry and Wayne Christian to procure their personal liability insurance. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code Ann. § 4-101. From the evidence, it is clear that the executive officers acted as agents for the defendants. Proof of agency may be made by showing circumstances, apparent relations, and conduct of the parties. *Wielgorecki v. White,* 133 Ga. App. 834 (212 SE2d 480). Although defendants in their brief deny an agency or contractual relationship, defendants introduced no evidence to refute the inference or to support their denial. In a summary judgment proceeding, all inferences and ambiguities are to be resolved in favor of the party opposing the motion, and are to be construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (183 SE2d 78). Because the officers, as a matter of law, acted as agents for the defendants, they are incompetent witnesses under the provisions of Code Ann. § 38-1603. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . ." CPA § 56 (Code Ann. § 81A-156 (e)). Because the only evidence concerning the purported knowledge by Allstate's agent of the personal ownership of some of the vehicles listed on the fleet schedule was contained in the affidavits of Jerry and Wayne Christian, and this evidence is inadmissible and incompetent, the trial judge erred in granting summary judgment to the defendants.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED FEBRUARY 1, 1977 — DECIDED FEBRUARY 15, 1978 — REHEARINGS DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Jr., Robert C. Semler,* for appellant.

*Poole, Pearce, Cooper & Smith, Edwin M. Pearce,*

*Robert R. Smith, Cullen M. Ward, Inslee M. Johnson,* for appellees.