## 55887. BOZARD et al. v. J. A. JONES CONSTRUCTION COMPANY et al.

WEBB, Judge.

Summary judgment was granted on October 10, 1977 against Mr. and Mrs. Bozard dismissing Aetna Casualty & Surety Division of Aetna Life & Casualty Company as a party defendant in their suits for personal injury and loss of consortium. Their application for immediate review was certified by the trial court and granted by this court on November 16, and this appeal was filed November 18. Aetna did not object or respond to the application for interlocutory appeal within the ten days allowed by Code Ann. § 6-701 (2), but on November 23, after it had been docketed, it filed a motion to dismiss on the ground that an order granting summary judgment is a final judgment subject to direct review under CPA § 56 (h) (Code Ann. § 81A-156 (h)) which must be appealed within 30 days, and that the appeal was therefore not timely.

The Bozards argue that Aetna's failure to respond in ten days amounted to an acquiescence in the interlocutory appeal procedure. While we agree that Aetna certainly owed a duty to respond and advise this court of the status of the case to prevent us from falling into error, we nevertheless recognize that its mere silence does not bestow jurisdiction and that it is always our duty to inquire into the jurisdiction of this court.

An order granting summary judgment on any issue, or as to any party, is a final judgment subject to direct appeal. Code Ann. § 81A-156 (h); *Davis v. South Carolina Ins. Co.,* 143 Ga. App. 782 (240 SE2d 191) (1977); *Security Branding, Inc. v. Corbitt,* 144 Ga. App. 164 (1) (240 SE2d 728) (1977). Thus the appealability by direct review of the grant of summary judgment in this case is not affected by the fact that the action involves multiple claims or parties under CPA § 54 (Code Ann. § 81A-154 (b)). *Southland Invest. Corp. v. McIntosh,* 137 Ga. App. 216, 218 (1) (223 SE2d 257) (1976). No notice of appeal of the summary judgment granted in these cases was filed by either plaintiff within 30 days allowed by law under Code Ann. § 6-803, and no application was made or order obtained extending the time within which to file a notice of appeal

under Code Ann. § 6-804.

Accordingly, the interlocutory appeal was improvidently granted and this appeal must be dismissed inasmuch as this court has no jurisdiction to review the judgment which has become absolutely final and binding. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) (1972); *Davis v. South Carolina Ins. Co.,* 143 Ga. App. 782, supra. We point out that nothing would have prevented the appellants from traveling both roads, that is, effecting a direct appeal as well as an application for immediate review, thereby preserving the time element and the appeal. But the judgment of the trial court was affirmed by operation of law when there was no appeal filed within 30 days as required by law.

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 7, 1978 — DECIDED JULY 14, 1978 —
REHEARING DENIED JULY 28, 1978.

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Daryll Love, Anthony L. Cochran, Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr.,* for appellees.