## 55887. BOZARD et al. v. J. A. JONES CONSTRUCTION COMPANY et al.

WEBB, Judge.

We again confront the procedural tangles in which this case became enmeshed when the Bozards' application for immediate review from the grant of summary judgment was certified by the trial judge and granted by this court. The Supreme Court granted certiorari from our decision of July 13, 1978 (146 Ga. App. 877) dismissing the appeal, and has remanded "for reconsideration in the light of *Culwell v. Lomas & Nettleton Co.* et al., Case No. 33741, decided September 27, 1978."

To reiterate the facts, Carroll Bozard was employed by a sheet metal subcontractor on an Atlanta construction site, fell into an open shaft and sustained massive head and brain damage. He and his wife sought damages from Jones, the general contractor, on varied allegations of negligence, and from Aetna Casualty & Surety Division of Aetna Life & Casualty Company, for negligent failure to inspect. Aetna moved for summary judgment on the ground that the Bozards did not rely on its inspections, and that therefore they could not recover as a matter of

law even if the inspections were negligently made. On October 10, 1977, the trial judge entered an order granting summary judgment in Aetna's favor against the Bozards, thereby dismissing Aetna as a party defendant. Thereupon, the Bozards filed an application under Code Ann. § 6-701 for immediate review, which was certified by the trial court and granted by this court on November 16. When the appeal was docketed, Aetna filed a motion to dismiss it on the basis that an order granting summary judgment is a final judgment subject to direct review under CPA § 56 (h) (Code Ann. § 81A-156 (h)) which must be appealed within 30 days, and that the appeal was therefore not timely. We concluded, albeit reluctantly, that the appeal had been improvidently granted and must be dismissed "inasmuch as this court has no jurisdiction to review the judgment which has become absolutely final and binding." *Bozard v. J. A. Jones Const. Co.,* 146 Ga. App. 877, 878 (247 SE2d 605) (1978).

However, subsequent to our decision, in *Culwell* the Supreme Court held that a grant of summary judgment "lacks res judicata effect unless the trial court makes an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists. Code Ann. § 81A-154 (b). [Cits.]. If the trial court does certify that the judgment is final and ripe for review under Code Ann. § 81A-154 (b), the time for appeal begins to run. . .

"But Code Ann. § 81A-156 (h) also gives a losing party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final under Code Ann. §§ 6-701 (a) (1) or 81A-154 (b). . . However, Code Ann. § 81A-156 (h) is an exception to the finality rule which is for the benefit of the losing party. The party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment. Therefore, when the losing party appeals after the rendition of the final judgment, the grant of summary judgment is still subject to appellate review. *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193 (1a) (210 SE2d 361) (1974) is overruled." *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, supra.

Therefore, even though this interlocutory appeal must still be dismissed for lack of jurisdiction, there has been no § 81A-154 (b) certification of finality and the Bozards may still appeal the grant of summary judgment releasing Aetna after the rendition of the final judgment in their case, which is still pending below.

*Appeal dismissed. Quillian, P. J., concurs. McMurray, J., concurs specially.*

ARGUED JUNE 7, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 14, 1978 —

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Daryll Love, Anthony L. Cochran, Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr.,* for appellees.

MCMURRAY, Judge, concurring specially.

I cannot agree fully with all that the majority here states in dismissing the appeal for lack of jurisdiction where the appellant has used the interlocutory appeal procedure (with certificate of immediate review from the lower court and grant by this court) rather than appealing directly under Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759). By the time we granted authority to appeal and the notice of appeal was filed it was more than 30 days after the judgment. Appellants should have appealed directly within 30 days of the judgment. The notice of appeal was filed more than 30 days after the judgment. The interlocutory appeal procedure applies to "an order, decision or judgment not otherwise subject to direct appeal." See Code Ann. § 6-701 (a)2(A) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758).

I do agree, however, with the majority that the appellants may still appeal the grant of summary judgment in view of *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, as we are bound by that decision.