### 58197. CHRISTIAN et al. v. ALLSTATE INSURANCE COMPANY.

SMITH, Judge.

Appellee brought this declaratory judgment action in order to obtain a judicial determination that the insurance policy at issue afforded no coverage to appellants. The trial court granted appellee's motion for summary judgment on the basis of Code § 38-1603(3), (5), which comprises a portion of what is commonly referred to as the Dead Man's Statute. We reverse.

This case has a rather lengthy appellate history. In *Allstate Ins. Co. v. Christian Brokerage Co.*, 142 Ga. App. 238 (235 SE2d 566) (1977), this court reversed the grant of summary judgment to the defendants, holding that no coverage existed under the policy. The Supreme Court, in *Christian v. Allstate Ins. Co.*, 239 Ga. 850 (239 SE2d 328) (1977), reversed the judgment of this court, on the ground

that "[w]here an insurance company through its own agent has knowledge that the actual title to certain automobiles, to be insured along with other automobiles in a fleet policy, are actually titled in the names of persons associated with the insured rather than in the name of the insured itself; with that knowledge issues a policy of insurance naming the insured as the owner of all the vehicles described in the policy; and calculates and collects an individual premium with respect to each of said automobiles on that basis, it waives its right to later contend that one of the vehicles is titled in the name of an officer of the company so as to deny liability coverage on that vehicle as a nonowned vehicle." Id. at 852-853. The Supreme Court remanded the case so that this court could consider other questions not passed on in our prior decision. In *Allstate Ins. Co. v. Christian Brokerage Co.*, 145 Ga. App. 126 (243 SE2d 281) (1978), cert. denied, this court ruled that the grant of summary judgment to the defendants was erroneous. This ruling was based on the view that all the evidence submitted by the defendants to establish waiver or estoppel on the part of the insurance company was incompetent under the Dead Man's Statute. Upon remand to the trial court, appellee renewed its motion for summary judgment, which had previously been declared moot by the trial court when it granted summary judgment to the defendants. This appeal arises out of the trial court's grant of appellee Allstate's motion.

Although effective July 1, 1979, the Dead Man's Statute was repealed in its entirety, it is nonetheless applicable to the instant case. However, it is our conclusion that the Dead Man's Statute does not render incompetent the evidence submitted by appellants to establish a waiver or estoppel on the part of appellee insurance company.

1. The opinion rendered in *Allstate Ins. Co. v. Christian Brokerage Co.*, 145 Ga. App. 126, supra, contains language to the effect that Wayne and Jerry Christian were agents of appellants as a matter of law with respect to the procurement of insurance and were therefore incompetent to testify about their dealings with a deceased insurance agent under the Dead Man's Statute. The court ruled that the trial court erred in

granting summary judgment to the defendants. While we are bound to accept the ruling made in our prior decision, we are not bound to accept an erroneous reason on which such ruling was made. CPA § 60(h) (Code Ann. § 81A-160(h)); *Davis v. South Carolina Ins. Co.,* 143 Ga. App. 782, 783 (240 SE2d 191) (1977). Moreover, the instant case, as it stands presently, is distinguishable from the case as it stood at the time of our prior disposition inasmuch as we must now decide the case on the basis of an expanded record. See *Sams v. McDonald,* 119 Ga. App. 547 (167 SE2d 668) (1969).

2. The only section of the Dead Man's Statute that could be determinative of the instant case is Code § 38-1603 (5). Appellee's contention that Wayne and Jerry Christian have a pecuniary or legal interest in the outcome of this case, as required to render a witness incompetent under Code § 38-1603 (4), is not supported by any evidence in the record. See *Sumter County v. Pritchett,* 125 Ga. App. 222 (186 SE2d 798) (1971).

3. In construing the Dead Man's Statute, this court must consider a statute which, for good reason, is no longer the law of this state. "Most commentators agree that the expedient of refusing to listen to the survivor is, in the words of Bentham, a 'blind and brainless' technique. In seeking to avoid injustice to one side, the statute-makers have ignored the equal possibility of creating injustice to the other." McCormick on Evidence 142, § 65 (2d Ed. 1972).

While the Dead Man's Statute must be treated as in force for purposes of the case at bar, it deserves and must receive the strictest of constructions. *Sumter County v. Pritchett,* supra, at 225. We construe the applicable portion of Code § 38-1603 (5) to bar an otherwise competent witness from testifying only where he is the attorney or immediate agent of a party to the action. Code § 38-1603 (5) has no application where the witness attempting to testify is a subagent rather than an immediate agent of a party. This construction prevents the Dead Man's Statute from rendering a witness incompetent when such witness, though technically a fiduciary, has little or no contact with the principal. A contrary construction would serve only to impede the

search for truth without effectuating any countervailing policy.

4. The evidence in the record establishes that Wayne and Jerry Christian were responsible for procuring insurance on behalf of Christian Brokerage Company. The evidence further shows that appellant Bob Christian had placed the procurement of insurance for a 1967 Oldsmobile Cutlass, which he personally owned but which was used, at least in part, by the corporation, in the hands of the Christian Brokerage Company. Under these facts, Wayne and Jerry Christian were not acting as immediate agents of Bob Christian, but were acting, at most, as subagents. In the case of appellant Linda Christian, it is clear that her relationship to Wayne and Jerry Christian was even one step further removed than her father's since her insurance was procured not only through the Christian Brokerage Company and Wayne and Jerry Christian, but through her father as well.

Since Wayne and Jerry Christian were, at most, subagents of appellants, we conclude that their affidavits concerning the knowledge of the insurance agent with whom they dealt are admissible.

5. Finally, we note that appellants are not precluded by our prior disposition of this case from renewing their motion for summary judgment on the basis of an expanded record. "Under Code Ann. § 81A-156 a party against whom a claim is asserted may move at any time for summary judgment and it shall be granted if under the expanded record, including the pleadings, the moving party is entitled to a judgment as a matter of law. Under the federal rules which are analogous to our own CPA the previous denial of summary judgment does not preclude a subsequent granting thereof on the basis of an expanded record. Brownfield v. Landon, 307 F2d 389, cert. den., 83 SC 291. We now consider the issue well-settled in Georgia. See generally, *Keller Building Products v. Young,* 137 Ga. App. 682, 684 (1a) (224 SE2d 815) and cits." *Ellington v. Tolar Const. Co.,* 142 Ga. App. 218, 221 (235 SE2d 729) (1977).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JULY 10, 1979 — DECIDED NOVEMBER 16, 1979 —

*Robert R. Smith,* for appellants.
*Cullen M. Ward, Robert E. Corry, Jr., Robert C. Semler,* for appellee.