## 59760. STATE OF GEORGIA v. O'NEAL.

SMITH, Judge.

Appellant, the State of Georgia, seeks to recover a payment in the amount of $4,912.89, made to appellee. The payment represents compensation for 45 days accrued annual leave. The state contends appellee was not entitled to payment. The trial court disagreed and granted appellee's motion for summary judgment. We reverse and remand with direction.

Appellee was a State Highway Department Merit System employee from September, 1953, to April, 1972. During this period, appellee was accumulating annual leave. See Rules and Regulations of the State Personnel Board, Regulation B, Paragraph B. 201. On April 6, 1972, appellee left the classified service (see Ga. L. 1975, pp. 79-81; Code Ann. § 40-2202(a)(1)) to become Deputy Commissioner of the newly created Department of Administrative Services (DOAS). On October 1, 1972, appellee was appointed Commissioner of DOAS by then Governor Jimmy Carter. Appellee remained Commissioner of DOAS until June 30, 1975. Shortly thereafter, he received the $4,912.89 payment for accrued annual leave.

1. The state contends appellee is not entitled to payment for accrued annual leave. In support of this position, appellant cites Ga. L. 1973, p. 702 as amended (Code Ann. § 89-723), which provides: "Unless specifically stated otherwise, the State officials designated in this law shall not receive from State funds any compensation, salary, contingent expense allowance, longevity pay or allowance of any kind other than that specified or provided for herein . . ."

Appellee contends this provision has no application to the case at bar since it was enacted subsequent to his assuming the position of Commissioner of DOAS. Appellee argues his right to annual leave was "vested."

We agreed with the state that Code Ann. § 89-723 was applicable to appellee in his position as Commissioner of DOAS. The Department of Administrative Services and the office of Commissioner were created by the Executive Reorganization Act of 1972, Ga. L. 1972, pp. 1015, 1036 (Code Ann. § 40-3548). The

Reorganization Act provides that "[t]he compensation of heads of departments created by this Chapter shall be determined by the General Assembly." Ga. L. 1972, pp. 1015, 1025 (Code Ann. § 40-3512). Pursuant to this section and the report and recommendations of the State Commission on Compensation (see Ga. L. 1971, p. 103 (Code Ann. §§ 89-716—89-722)), Code Ann. §§ 89-723—89-726 were enacted. Although the effective date of these sections was July 1, 1973 (almost ten months after appellee assumed office), these sections were the first legislative pronouncements as to the level of compensation for the newly-created office of Commissioner of DOAS. In addition to establishing the level of compensation for certain state officials, Code Ann. §§ 89-723—89-726 expressly provide that, "[u]nless specifically stated otherwise, the State officials designated in this law shall not receive from State funds any compensation, salary, contingent expenses allowance, longevity pay or allowance of any kind other than that specified or provided for herein." The legislature's authority in this regard cannot be seriously disputed. See *State v. MacDougall,* 139 Ga. App. 815, 816 (229 SE2d 667) (1976), affd. in *MacDougall v. State,* 238 Ga. 406 (233 SE2d 378) (1977). Accordingly, we hold that, during his tenure as Commissioner of DOAS, appellee was subject to the limitations regarding compensation contained in Code Ann. §§ 89-723—89-726, notwithstanding that appellee assumed office several months prior to the enactment of the legislation governing his compensation.

However, we do not reach the conclusion advocated by the state, i.e., that appellant's right to previously accrued annual leave was forfeited under Code Ann. §§ 89-723—89-726 by virtue of his assuming the office of Commissioner of DOAS. Although the parties disagree as to whether the legislature has the legal authority to impose such a forfeiture, this question need not be resolved in the instant case. In our view, the legislature did not intend Code Ann. §§ 89-723—89-726 to sweep so broadly. We do not construe Code Ann. §§ 89-723—89-726 as cutting off the appellee's right to accrued annual leave earned prior to his assuming the office of Commissioner. Appellee's previously accrued annual leave was not "compensation, salary, contingent expenses, longevity pay, or allowance of any kind" under Code Ann. § 89-723. The purpose of Code Ann. §§ 89-723—89-726 is to set limitations on current earnings and expenses of those in high governmental office. Code Ann. §§ 89-723—89-726 were not enacted in order to penalize those who assume such office by requiring a forfeiture of a previously accrued payment obligation of the state.

2. In order to determine the accrued annual leave to which appellee is entitled, appellee's rights as a Merit System employee must first be ascertained. Under the Rules and Regulations of the

State Personnel Board, "terminal leave" is defined as "accrued annual leave for which payment is due an employee or his estate upon separation from state employment by death, retirement, resignation, dismissal, abandonment, or release in any manner." Rules and Regulations of the State Personnel Board, Regulation B., Par. B.209.A. "[T]erminal leave [subsequent to July 1, 1971 is] payable as follows: "A. An employee who is being separated by retirement, layoff, or death shall be entitled to and he or his estate shall receive all pay for accrued annual leave not in excess of forty-five work days. When an employee who has been separated from his position by layoff is reinstated, the record of his previously forfeited annual leave shall be revived. B. An employee who has 20 years or more of creditable service toward retirement who is being separated from state service by dismissal or resignation shall receive all pay for accrued annual leave not in excess of forty-five work days. C. An employee with fewer than 20 years of creditable service toward retirement who is being separated from state service by dismissal or resignation shall receive all pay for accrued annual leave not in excess of thirty work days. Annual leave granted to an employee in his category within thirty calendar days prior to his last day of active service, which is charged against accrued annual leave in excess of thirty days, shall be deducted from his period of terminal leave, or from leave granted preliminary to his being placed on leave without pay." Rules and Regulations of the State Personnel Board, Regulation B., Par. B. 209. C.

Paragraph B.209.C. must be construed with regard to the statutory functions of the State Personnel Board and the Commissioner of Personnel Administration. Ga. L. 1975, pp. 79, 85 (Code Ann. § 40-2204(b) provides: "It shall be the specific duty and function of the State Personnel Board: (3) After public hearings, to adopt and amend policies, rules and regulations effectuating the State Merit System of Personnel Administration subject to approval by the Governor . . ." Ga. L. 1975, pp. 79, 87 (Code Ann. § 40-2205 (b) (3)) directs the Commmissioner of Personnel Administration "[t]o submit to the Governor the rules and regulations adopted by the State Personnel Board effectuating the State Merit System. Such Merit System rules and regulations, when approved by the Governor, shall have the force and effect of law and shall be binding upon the State departments covered by this Chapter and shall include provisions for the establishment and maintenance of classification and compensation plans, the conduct of examinations and the establishment of registers of persons eligible for appointment under the Merit System, the certification of eligible persons, appointments, promotions, transfers, demotions, separations, tenure, re-

instatement, appeals, reports of performance, payroll certification, employee training and all other phases of Merit System administration . . ." Ga. L. 1975, pp. 79, 89 (Code Ann. § 40-2206 (b)) specifically provides that "[t]he unclassified service, as defined by section 40-2202, shall consist of all positions in the departments of State government not included in the classified service under this Chapter and shall not be subject to the rules and regulations of the State Merit System, with the provision that no position now existing which is covered by the State Merit System shall be excluded from the classified service by this Chapter, unless otherwise provided in this Chapter."

In view of these statutory provisions, we believe it is clear that Paragraph B.209.C. is not intended to address the rights of an individual who is not within the Merit System. Accordingly, we hold that the phrase "employee who is separated from state employment," as used in Par. B.209.C., refers to an individual who leaves a position which is subject to the rules and regulations of the State Personnel Board. Thus, when appellee left the Merit System to assume the position of Deputy Commissioner of DOAS, he was "separated from state employment" for purposes of Par.B.209.C. To the extent the Attorney General Opinion 71-33 leads to a contrary conclusion, it is disapproved.

The state argues that, since appellee left Merit System employment to become Deputy Commissioner of DOAS, he was not separated from state employment by resignation. We reject this analysis. In order to assume his position at DOAS, appellee necessarily had to resign his Merit System position. We conclude that, for purposes of Par. B.209.C., appellee was separated from state employment by resignation when he left his Merit System position to become Deputy Commissioner of DOAS. Since appellee had fewer than 20 years creditable service toward retirement, his right to accrued annual leave was governed by Par.B.209.(C)(C), which provides "for accrued annual leave not in excess of thirty work days."

This determination, however, does not end the inquiry. On April 6, 1972, appellee left Merit System employment to become Deputy Commissioner of DOAS, an unclassified position. The day appellee assumed this position, the Commissioner of DOAS entered an order providing "that the following benefits will accrue to those employees not covered by the rules and regulations of the State Personnel Board . . . (3) Annual leave and sick leave earned by a Department of Administrative Services unclassified employee previously employed in a classified position shall be transferred to the Department of Administrative Services and become the liability of the Department of Administrative Services and become part of the unclassified

employees accrued benefits. Such transfers will be effective the date of the unclassified employee appointment. (4) It is the intention of the Commissioner of the Department of Administrative Services that all matters pertaining to the benefits of unclassified employees be the same as the rules and regulations developed by the State Personnel Board for classified employees." See Attorney General Opinion 72-67. Thus, appellee's previously accrued annual leave was not paid when he became Deputy Commissioner of DOAS, but was transferred to and became a liability of the Department.

Appellee became Commissioner of DOAS on October 1, 1972. Pursuant to subsections (3) and (4) of the April 6, 1972 order and Par.B.209.(C)(C) of the rules and regulations of the State Personnel Board, appellee, whose classified and unclassified service totaled less than twenty years, was entitled to 30 days accrued annual leave.

Appellee was not entitled to accrued annual leave as Commissioner of DOAS. Such a benefit, as appellant points out, is disallowed under Code §§ 89-723—89-726. However, as explained in Division 1 of this opinion, this is not to say that appellee's right to previously accrued annual leave was thereby forfeited. Rather, we believe that, under the April 6, 1972 order, appellee's previously accrued annual leave became a liability of DOAS.

3. Under Code Ann. § 40-3512, "[t]he compensation of the heads of departments created by [the Reorganization Act of 1972] shall be determined by the General Assembly." Since the legislature has not enacted annual leave provisions relating to department heads, it follows that appellee's right to accrued annual leave could not be augmented by his assuming the position of Commissioner of DOAS. The fact that appellee's length of total government service reached twenty years during his tenure as Commissioner cannot be taken into account in determining appellee's accrued annual leave. Appellee's accrued annual leave must be determined on the basis of his salary and length of service at the time he left his position as Deputy Commissioner of DOAS.

4. We conclude that appellee was entitled to recover a maximum of 30 days annual leave. Since the payment upon which this action is based represents 45 days accrued annual leave, the grant of appellee's motion for summary judgment must be reversed. The trial court, however, did not err in denying the state's motion for summary judgment in the amount of $4,912.89 plus interest and costs. On remand, appellant may renew its motion for summary judgment on the basis of an expanded record. See *Christian v. Allstate Ins. Co.,* 152 Ga. App. 358, 361 (262 SE2d 621) (1979). Upon a proper showing, appellant may recover any portion of the $4,912.89 payment to which it is entitled. See *Richmond County v. Pierce,* 234

Ga. 274, 279 (215 SE2d 665) (1975); *State v. MacDougall,* supra at 816.

*Judgment reversed and remanded for proceedings not inconsistent with this opinion. McMurray, P. J., and Banke, J., concur.*

ARGUED APRIL 16, 1980 — DECIDED SEPTEMBER 26, 1980.

*Arthur K. Bolton, Attorney General, Sarah Evans Lockwood, Staff Assistant Attorney General,* for appellant.
*W. Michael Strickland,* for appellee.