63590. THOMPSON v. FIRST NATIONAL BANK OF TUCKER et al.

BANKE, Judge.

The appellant filed a complaint on February 26, 1981, against multiple defendants including two separate law firms identified as partnerships. He appeals the dismissal of the complaint as to the law firms and as to individual members of the firms. Uncontroverted affidavits establish that both of the firms had ceased to exist prior to the date the complaint was filed. Although the complaint was subsequently recast and amended, the individual members of the firms were not named as parties. *Held:*

1. The appellees' motion to dismiss the appeal as premature is denied. The trial court considered evidence outside of the pleadings in making its rulings, thereby converting them into summary judgments, which are directly appealable. See *Davis v. South Carolina Ins. Co.,* 143 Ga. App. 782 (240 SE2d 191) (1977).

2. "In every suit brought in this state, there must be a real plaintiff and a real defendant. The plaintiff or defendant may be a

natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, *it is a mere nullity. . .* [Cits.]" *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (2) (166 SE2d 913) (1969). The non-existence of the law firms having been shown, dismissal as to them was proper.

3. The appellant also complains of the dismissal of the individual members of the firms, each of whom was served with a summons and complaint. However, since the individual attorneys are not named as defendants, no claim was stated against them.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 22, 1982.

*Fred A. Gilbert,* for appellant.
*Fred L. Somers, Jr., Howell Hollis III, Donald J. Goodman, Paul Talmadge, Richard K. Hines, Michael R. Johnson,* for appellees.