## 65155. THOMPSON v. FIRST NATIONAL BANK OF TUCKER et al.

BANKE, Judge.

In October of 1974, the appellant, Lacy Thompson, acting in his own behalf and under a power of attorney for his mother, signed a promissory note in favor of the First National Bank of Tucker in the amount of $148,906.24, with interest at 15 percent per annum. Thompson's mother died in December of 1974, and Thompson executed a renewal note in his own name in the same amount on January 2, 1975, to be repaid on April 2, 1975. This note was secured by a deed on Thompson's motel property. Additionally, Thompson and his wife executed an installment note to the Bank of Tucker in August 1974 in the principal amount of $20,000. This note was secured by corporate stock and a second mortgage on Thompson's home. Both notes were transferred to the National Bank of Georgia (NBG) in April of 1975. In January of 1979, Thompson received a letter from NBG's attorney notifying him that the notes were in default and that in the event they were not paid within 10 days attorney fees would be charged. See OCGA § 13-1-11 (former Code Ann. § 20-506). The notes were not paid within this period, and in early March of 1979, NBG began advertisement for foreclosure under the power of sale contained in the deed to secure debt on the motel property. In that same month, the appellant entered into an agreement with NBG in which the latter agreed to delay foreclosure of the property. During the specified grace period, the appellant was able to sell the motel property to Emory University.

In February 1981, Thompson, individually and as administrator of his mother's estate, filed suit against NBG, the Tucker Bank, and an officer of the Tucker Bank. Also named as defendants were two law firms; however, those claims were subsequently dismissed by the trial court. See *Thompson v. First Nat. Bank of Tucker,* 161 Ga. App. 758 (288 SE2d 361) (1982). The gist of Thompson's complaint is that the loans and obligations consolidated in the 1974 and 1975 notes were made in violation of usury laws and the federal Truth-in-Lending Act. *Held:*

Assuming *arguendo* that the loans in question suffer from the statutory violations alleged, and pretermitting any issue regarding the applicable statutes of limitation, Thompson has released all the remaining defendants from liability. The release agreement states in pertinent part that "Thompson has requested the bank to agree not to proceed with the foreclosure on the first Tuesday in March, and in consideration of this request, has agreed to waive any and all defenses which Thompson might have to the indebtedness, including the

accrued interest and 15 percent attorney's fees . . ." The appellant also agreed to "release . . . and forever discharge The National Bank of Georgia, The First National Bank of Tucker, . . . their . . . representatives or assigns . . . from any and all claims, demands, debts, . . . causes of actions, suits . . . known or unknown . . . against . . ." the banks and their representatives.

There is no contention that the release was obtained by fraud, duress, or mistake or that the bank failed to perform its obligations under the agreement. In fact, it is undisputed that because of the agreed-upon forebearance the appellant was able to consummate a sale for the property rather than face the uncertainty inherent in a foreclosure sale. "Forebearance to sue on an obligation that is due is a valid consideration sufficient to support a contract." *Mason v. Blayton,* 119 Ga. App. 203, 206 (166 SE2d 601) (1969). See also *Jones v. C&S Nat. Bank,* 231 Ga. 765 (204 SE2d 116) (1974). All of appellant's remaining arguments have been considered and determined to be without merit. Summary judgment in favor of the defendants was properly granted.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 18, 1983 —
REHEARING DENIED FEBRUARY 4, 1983 —

*Fred A. Gilbert,* for appellant.
*Lacey Thompson, John W. Gibson, Howell Hollis III, Keith E. Fryer, Donald J. Goodman, Paul Talmadge, Richard K. Hines,* for appellees.